Matter of Lo (Go N.Y. Tours Inc.--Commissioner of Labor) (2025 NY Slip Op 03670)

Matter of Lo (Go N.Y. Tours Inc.--Commissioner of Labor)

2025 NY Slip Op 03670

Decided on June 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 18, 2025

CV-23-1474
[*1]In the Matter of the Claim of Yero Lo, Respondent. Go New York Tours Inc., Doing Business as Topview Sightseeing, Appellant. Commissioner of Labor, Respondent.

Calendar Date:May 27, 2025

Before:Egan Jr., J.P., Aarons, Pritzker, Ceresia and Mackey, JJ.

Barton LLP, New York City (Maurice N. Ross of counsel), for appellant.
David E. Woodin, Catskill, for Yero Lo, respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Commissioner of Labor, respondent.

Aarons, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 26, 2023, which ruled, among other things, that Go New York Tours Inc. was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Go New York Tours Inc., doing business as TopView Sightseeing (hereinafter TopView), operates a fleet of hop-on, hop-off tour buses in New York City that enables ticketed passengers to sightsee and visit various designated attractions. TopView utilizes approximately 100 to 150 street ticket sellers who sell tickets on the street throughout the City. TopView interviews prospective ticket sellers who fill out an application, and requires ticket sellers to sign independent contractor agreements. Claimant began working as a ticket seller in 2018 and, following TopView's March 2020 closure due to the COVID-19 pandemic, did not return to ticket selling and applied for unemployment insurance benefits, effective March 16, 2020, crediting remuneration from TopView.
The Department of Labor issued initial determinations finding that TopView was the employer to claimant and is liable for additional unemployment insurance contributions on remuneration paid to claimant and other similarly situated street ticket sellers. Following a hearing, an Administrative Law Judge overruled the initial determinations and held that claimant and other similar ticket sellers were independent contractors. The Unemployment Insurance Appeal Board reversed and sustained the initial determinations, holding that claimant and other ticket sellers were employees of TopView and, thus, TopView is liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated. TopView appeals.
We affirm. "Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, no one factor is determinative and the determination of the Board, if supported by substantial evidence on the record as a whole, is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion" (Matter of Ito [International Business Promotion, Inc.-Commissioner of Labor], 234 AD3d 1215, 1216 [3d Dept 2025] [internal quotation marks and citations omitted]; accord Matter of Bankers Life & Cas. Co. [Commissioner of Labor], 228 AD3d 1180, 1181 [3d Dept 2024], lv denied 43 NY3d 903 [2025]). "As such, if the evidence reasonably supports the Board's choice, [this Court] may not interpose our judgment to reach a contrary conclusion" (Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 136-137 [2020] [internal quotation marks, brackets and citations omitted]). In making this determination, "the Board considers a number of factors in determining whether a worker is an employee or an independent contractor, examining all aspects of the arrangement. But the touchstone of the analysis is whether [*2]the employer exercised control over the results produced by the worker or the means used to achieve the results. The doctrine is necessarily flexible because no enumerated list of factors can apply to every situation faced by a worker, and the relevant indicia of control will necessarily vary depending on the nature of the work" (id. at 137 [internal quotation marks, brackets, footnotes and citations omitted]).
The record reflects that TopView trained the ticket sellers on the code of conduct expected of them; provided them at no cost with uniforms, identification cards, advertising placards, brochures and credit card terminals; and trained the ticket sellers on how to use the credit card terminals, which were provided daily by TopView without charge. Significantly, TopView street coordinators addressed disputes between ticket sellers and consumers and among the ticket sellers. Ticket sellers were not permitted to send substitutes or work for competitors, TopView verified their licensure, provided necessary equipment, and set parameters for ticket pricing and location of sales and controlled compensation terms. The parties' agreement, while denominated an independent contractor agreement, imposed obligations on the ticket sellers to follow TopView's policies, standards and procedures, restricted the location of sales, contained a nondisclosure and nondelegation of duties provision, required TopView's involvement in disputes and prohibited ticket sales for competitors, among other indicia of control. Although, as the Administrative Law Judge found, TopView's oversight and the ticket sellers' conduct were, in part, regulated by the City Administrative Code (see Administrative Code of City of NY §§ 20-551 [a]; 20-554, 20-555, 20-556), substantial evidence supports the Board's conclusion that TopView exercised, or reserved the right to exercise, sufficient supervision, direction or control over significant aspects of the ticket sellers' services "above and beyond the regulatory requirement." The foregoing proof supports the Board's finding of an employment relationship, notwithstanding the existence of evidence in the record that could support a different conclusion (see Matter of Bankers Life & Cas. Co. [Commissioner of Labor], 228 AD3d at 1182; Matter of Rosenblum [Tura, Inc.-Commissioner of Labor], 202 AD3d 1258, 1259-1260 [3d Dept 2022]).
Egan Jr., J.P., Pritzker, Ceresia and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.